IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARISA KOVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>BROWN BROTHERS HARRIMAN & CO. and TOM GEE,<br><br>Defendants, | Civil Action No. _____<br><br><br>**July Trial Demanded** |

Plaintiff Larisa Kovaleva, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant Brown Brothers Hariman & Co. ("BBH") and Defendant Tom Gee ("Gee") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendants' violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) (1) (diversity of citizenship).

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (a) (2) and (c).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Defendants

### Defendant BBH

5.  Defendant BBH is an American investment bank and securities firm with its headquarters located in New York, New York.

6.  Defendant BBH regularly conducts business in the state of New Jersey and has several employees who work in the state of New Jersey.

7.  At all times relevant to this Complaint, Defendant BBH was and is an "employer" as that term is defined by NJLAD, N.J.S.A. 10:5-5(e).

### Defendant Tom Gee

8.  At all times relevant to this Complaint, Defendant Gee was employed by BBH as the Vice President and was a supervisor of the Plaintiff. Defendant Gee is a resident of New York State.

### Plaintiff

9.  Plaintiff Larisa Kovaleva is an adult individual who is a resident of Bergen County, New Jersey.

10. Plaintiff Kovaleva was employed by Defendant BBH as a as a programmer/analyst from November 13, 2000 until she was wrongfully terminated on September 29, 2010.

## FACTS

11. This is an action brought by Larisa Kovaleva ("Kovaleva"), a former employee of Defendant Brown Brothers Harriman & Co. ("BBH") against BBH and Tom Gee ("Gee").

2

12. Defendant Gee was the manager for a team of BBH employees, SONIC group, including the Plaintiff. As a manager, Gee was prejudicial and had a pattern of discriminating against women of Russian national origin.

13. Defendant Gee targeted women of Russian national origins and systematically forced women of Russian national origin out of SONIC group.

14. After Kovaleva complained the Human Resources about the discriminatory work environment, Defendant Gee retaliated against Kovaleva. Such retaliatory acts included removing Kovaleva from her current projects and issuing negative performance evaluations.

15. Kovaleva informed BBH's human resources of the hostile work environment on multiple occasions and nothing was done to remedy the problem.

16. Defendants' discriminatory and retaliatory conduct created a stressful work environment for Kovaleva.

17. Kovaleva suffered from severe depression because of the stressful work environment.

18. The stressful work environment aggravated Kovaleva's arthritis.

19. Kovaleva's severe depression and arthritis caused her to go on disability leave from January 27, 2010 through July 8, 2010.

20. BBH and Gee discriminated and retaliated against Kovaleva on account of her disability by immediately placing Kovaleva on probation upon her return.

21. Defendants wrongfully fired Kovaleva on September 29, 2010 before the completion of the probationary period.

22. Kovaleva worked for BBH as a programmer/analyst from November 13, 2000 until she was terminated on September 29, 2010.

23. Kovaleva received positive performance reviews from the start of her employment with BBH until 2008.

24. Throughout her employment with BBH, Kovaleva consistently completed all assigned projects in a timely manner, and managers often praised Kovaleva for her strong work ethic.

25. Kovaleva is a woman of Russian national origins.

26. Gee also discriminated against Elana Price and Lana Dvorstkaya based on their Russian national origin until Price and Dvorstkaya (involuntarily) left Gee's group in 2006 and 2007, respectively, when Gee began targeting Kovaleva in 2008 because of her Russian national origin.

27. Gee repeatedly made disparaging remarks about Kovaleva's national origin beginning in 2008 until her termination in September of 2010. Such remarks include the following:

   a. Referring to Kovaleva as a "Russian polar bear."

   b. Stating Russian women like drinking "Russian water" (vodka).

   c. Asking if Kovaleva was working on "American time or Russian time."

   d. Describing Kovaleva as separate from "our people."

28. Gee played a significant role in Kovaleva's 2008 performance review, and Gee's influence caused Kovaleva's 2008 performance review to reflect a lower quality of work than Kovaleva actually performed.

29. Gee's influence on Kovaleva's 2008 performance review was part of an ongoing pattern of discrimination against people of Russian national origin.

30. Kovaleva informed department manager James Biggs of Gee's discriminatory behavior in October 2009, and Biggs relayed the complaint to Gee.

31. On January 22, 2010, Kavaleva had a meeting with Biggs whereby discrimination by Gee against women of Russian national origin was discussed.

32. After Gee learned of Kovaleva's complaints to Biggs, Gee responded by retaliating against Kovaleva.

33. In response to learning about Kovaleva's complaint, Gee removed Kovaleva from her nearly complete larger projects to work on less prominent, smaller assignments.

34. In Kovaleva's 2009 performance review, Gee described Kovaleva as separate from "our people."

35. Kovaleva informed Human Resources Representative Lynne McGuire of Gee's discriminatory and retaliatory conduct.

36. No actions were taken to remedy the discrimination after Kovaleva contacted McGuire.

37. Kovaleva saw a doctor on January 25, 2010 for increased arthritic pain and severe depression, and the doctor confirmed both medical conditions were aggravated by the stressful work environment.

38. Because of Kovaleva's medical conditions, Kovaleva went on disability from January 27, 2010 through July 8, 2010.

39. Prior to returning to work, Kovaleva's doctor recommended the use of an ergonomic chair at work.

40. Prior to returning to work, Kovaleva made repeated requests to Human Resources for the reasonable accommodation of an ergonomic chair.

41. Human Resources ignored Kovaleva's requests for a reasonable accommodation until Kovaleva contacted an attorney, who in turn contacted Defendants.

42. Upon returning from disability leave, Kovaleva was immediately placed on a ninety (90) day probationary period despite having consistently completed all assigned projects.

43. Kovaleva's probationary period was purportedly based on her 2009 performance review, but this reason was a pretext for discrimination.

44. Throughout Kovaleva's probationary period, Senior Vice President Jose Acosta continuously made inappropriate remarks that insinuated Kovaleva's probation was going to end in termination.

45. Kovaleva reported the disparate treatment and discriminatory working environment to Human Resources representative Dyanne Rosado. No efforts were made to correct the situation.

46. Kovaleva reported CEO Christopher Remondi of Gee's discriminatory remarks. No efforts were made to correct the situation.

47. Kovaleva was wrongfully fired before her probationary period ended on September 29, 2010 in retaliation for reporting BBH's discriminatory environment.

## COUNT ONE

### (Violation of NJLAD – National Origin)

48. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 47, and incorporates the same as fully set forth herein.

49. By the foregoing conduct, Defendants created and maintained a hostile work environment on the basis of Plaintiff's national origin in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

50. By the foregoing conduct, including but not limited to the discrimination, disparate treatment and termination of Plaintiff's employment, Defendants have treated plaintiff adversely with respect to the terms, conditions and privileges of her employment on account of her national origin, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

51. By the foregoing conduct, Defendant Gee aided and abetted Defendant BBH in the harassment and discrimination against plaintiff, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

52. As a result of Defendants' actions, Plaintiff is entitled to compensatory damages, punitive damages, and any such further relief that the court deems just and proper.

## COUNT TWO

### (Violation of NJLAD – Disability)

53. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 42, and incorporates the same as fully set forth herein.

54. By the foregoing conduct, Defendants created and maintained a hostile work environment on the basis of Plaintiff's disability in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

55. By the foregoing conduct, including but not limited to the discrimination, disparate treatment and termination of Plaintiff's employment, Defendants have treated plaintiff adversely with respect to the terms, conditions and privileges of her employment on account of her disability, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

56. By the foregoing conduct, Defendant Gee aided and abetted Defendant BBH in the harassment and discrimination against plaintiff, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

57. As a result of Defendants' actions, Plaintiff is entitled to compensatory damages, punitive damages, and any such further relief that the court deems just and proper.

## COUNT THREE

### (Retaliation Under NJLAD)

58. Plaintiff reasserts and realleges paragraphs 1-57 as if fully set forth herein.

59. Plaintiff was terminated as a consequence of complaining about Defendants' discriminatory conduct.

60. Defendants' actions in discharging Plaintiff in retaliation for complaining about the aforementioned discriminatory conduct violated the provisions of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq*.

61. As a result of Defendants' actions, Plaintiff is entitled to compensatory damages, punitive damages, and any such further relief that the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all actions triable to a jury.

DICHIARA LAW FIRM LLC
Attorneys for Plaintiff

By: s/ Michael R. DiChiara
MICHAEL R. DICHIARA

Dated: September 23, 2011